Mitchell A. Young
Maureen H. Lennon
County Litigation Group
2715 Skyway Drive
PO Box 6697
Helena, MT 59604-6697
Ph. (406) 441-5471
mlennon@mtcounties.org
myoung@mtcounties.org

*Counsel for County Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANNER WHITE, | Case No.: CV 22-141 |
| Plaintiff, | |
| v. | COUNTY DEFENDANTS' RESPONSE TO MOTION TO EXCLUDE EXPERT |
| FLATHEAD COUNTY, SAM COX, and JOHN DOES 1-10, | |
| Defendants. | |

Defendants Flathead County and Sam Cox (County Defendants), through their counsel of record, respond to Plaintiff's Motion to Exclude Expert as follows:

On February 6, 2023, Plaintiffs filed a liability expert disclosure naming a police practices expert and multiple unretained medical experts. After reviewing the report of Plaintiff's police practices expert, Defendants hired their own police practices expert to review Plaintiff's expert report and prepare a rebuttal report.

Defendants prepared a rebuttal expert witness disclosure and served Plaintiff with the disclosure on March 8, 2023.

Plaintiff filed a Motion to Exclude Expert (Doc. 13) seeking to exclude Defendants' rebuttal expert, Phil Matteson. Plaintiff concedes that the substance of Defendants' expert report directly rebuts Plaintiff's expert and does not exceed the scope of rebuttal. (Doc. 13 at 2). Instead, he argues that there is an unwritten rule or practice that disallows rebuttal experts unless the offeror first discloses a liability expert. As evidence of the practice he offers an excerpt of a scheduling order from a different case, presided over by another judge, explicitly requiring disclosure of a liability expert prior to disclosure of a rebuttal expert.

Neither the Federal Rules of Civil Procedure nor the Local Rules for the District of Montana require that a party seeking to disclose a rebuttal expert must first disclose a liability expert on the same topic. Fed.R.Civ.P. 26(a)(2)(D)(ii) simply requires that the rebuttal disclosure be made within 30 days after the other party's disclosure. This requirement is consistent with the Scheduling Order in this case, which likewise required disclosure of rebuttal experts "within thirty (30) days of the date set forth in paragraph 1 for expert disclosure." (Doc. 10 at 8.) Defendants complied with both the federal rule and the Scheduling Order when they filed their disclosure on March 8, 2023, 30 days after Plaintiff's February 6, 2023 disclosure.

Fed.R.Civ.P. 26(a)(2)(D) specifically allows the Court to alter the requirements related to expert disclosures, as Judge Morris did in the Scheduling Order excerpt (Doc. 13-3) attached to Plaintiff's Motion. However, the requirement set forth in Judge Morris' Scheduling Order was not included in this Court's Scheduling Order, nor does the undersigned recall being verbally advised of such a requirement at the scheduling conference. Exclusion of a witness based on an unstated rule or practice is inconsistent with the preference for determination of cases on their merits. This is particularly so because Plaintiff does not assert that he has been prejudiced by the alleged late disclosure. The discovery deadline in this matter is May 8, 2023, leaving Plaintiff more than six weeks to depose Mr. Matteson if Plaintiff chooses to do so.

For the foregoing reasons, Defendants respectfully request that the Motion to Exclude Expert be denied.

DATED this 23rd day of March 2023.

County Litigation Group

*/s/ Mitchell A. Young*
Mitchell A. Young