IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANNER WHITE,<br><br>  Plaintiff,<br><br>vs.<br><br>FLATHEAD COUNTY, SAM COX, and JOHN DOES 1-10,<br><br>  Defendants. | CV 22–141–M–DWM<br><br><br>ORDER |

Plaintiff Tanner White alleges that he was the victim of numerous civil rights violations when he was arrested by Flathead County Sheriff's Deputies in August 2019. (*See* Doc. 1.) He now seeks to exclude the rebuttal liability expert testimony disclosed by Defendants Flathead County and Sam Cox (collectively "Defendants") on the ground that a party should not be permitted to file an expert rebuttal report on liability unless the party filed an initial liability expert report. (Doc. 12.) That motion is denied.

A preliminary pretrial conference was held on November 17, 2022, and a trial schedule was entered. (*See* Doc. 10.) Pursuant to the Scheduling Order, the parties were required to simultaneously disclose their liability experts, if any, on or before February 6, 2023. (*Id.* ¶ 1.) On that date, White disclosed a report for his

1

liability expert, William Buzzell. (*See* Doc. 13-1.) Defendants did not disclose a liability expert on that date. On March 8, 2023, however, Defendants disclosed the report of an alleged *rebuttal* liability expert, Phil Matteson. (*See* Doc. 13-2.) White seeks to exclude that report. (Doc. 12.) White does not argue that Matteson's report is improper rebuttal or exceeds the scope of rebuttal; rather, White insists that "a party may not file an expert rebuttal report unless the party has already filed its own liability expert report" by the initial expert deadline. (Doc. 13 at 2.) Because such language was not included in the pretrial order entered in this case, White's argument fails.

As noted by Defendants, neither the Federal Rules of Civil Procedure nor the Local Rules of this Court require a party filing a rebuttal liability report to first disclose a liability expert on the same topic. To the contrary, the Rules contemplate a properly responsive rebuttal report that is due thirty days later. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). While that process can be modified by court order, *see* Fed. R. Civ. P. 26(a)(2)(D), as shown in the example scheduling order presented by White, (*see* Doc. 13-3), such modification did not occur here. Rather, the Scheduling Order entered in this case parrots the 30-day deadline outlined in Rule 26. (*See* Doc. 10 at ¶ 13.) Nonetheless, the whole purpose of simultaneous disclosure of experts is to avoid allowing one party to "sand bag" the other by waiting to see the opposing party's expert report before filing one of their own.

Because this purpose is better served by imposing the limitation argued by White, such language shall appear in this Court's scheduling orders going forward. While such a result does not aid White, it may be one step closer to making such practice the norm in this District.

As a final note, while White does not challenge the contents of Matteson's rebuttal expert disclosure, it is not clear that it contains expert opinions. While Matteson responds to White's expert, his disagreements regard Buzzell's characterization of the underlying factual record. Whether such factual disagreements are proper expert testimony is a question for trial.

Based on the foregoing, IT IS ORDERED that the motion (Doc. 12) is DENIED.

DATED this 6th day of April, 2023.

_____
Donald W. Molloy, District Judge
United States District Court